FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 04, 2025

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EUNICE YOUMANS,<br><br>        Plaintiff,<br><br>        v.<br><br>CHELAN-DOUGLAS LAND TRUST, "DOE(S) 1-100" employees of CHELAN-DOUGLAS LAND TRUST; and "CORPORATION(S) XYZ 1-100,"<br><br>        Defendants. | No. 2:25-CV-00290-RLP<br><br>ORDER DENYING STIPULATED PROTECTIVE ORDER |

    Before the Court is the parties' Stipulated Protective Order, ECF No. 10. The parties seek a protective order to protect confidential material including: Plaintiff's medical records and bills, Plaintiff's bank account, financial information, and tax records, and sensitive employee files and records; Defendant's budgetary information to the degree not already public, personnel

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 1

materials of anyone other than plaintiff, salary surveys, internal policies, procedures or training materials not publicly available, and client or member lists.

      The Court declines to sign off on the parties' agreed protective order, as it is too broad. There is a strong presumption in favor of access to court records. *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Even when parties agree to protective measures for discovery materials, courts generally favor allowing access to such materials by individuals involved in related litigation, as this promotes judicial economy. *Cordero v. Stemilt AG Servs.*, 142 F.4th 1201, 1207 (9th Cir. 2025) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)).

      Under Fed. R. Civ. P. 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden of establishing good cause and must show prejudice "for each particular document it seeks to protect." *Foltz*, 331 F.3d at 1130. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The requirement to demonstrate good cause cannot be waived, and remains even where the parties stipulate to the order. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 2

The Court denies the parties' request for a protective order without prejudice. The parties are free to file an amended motion that takes into account the foregoing authorities.

ACCORDINGLY, IT IS ORDERED that the parties' Stipulated Protective Order, **ECF No. 10**, is **DENIED**. The Clerk shall enter this Order and forward copies to counsel

**DATED** November 3, 2025.

REBECCA L. PENNELL
United States District Judge