FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 13, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EUNICE YOUMANS, an individual<br><br>Plaintiff<br><br>v.<br><br>CHELAN-DOUGLAS LAND TRUST; "DOE(S) 1-100" employees of CHELAN-DOUGLAS LAND TRUST; and "CORPORATION(S) XYZ 1-100,"<br><br>Defendants. | No. 2:25-CV-00290-RLP<br><br>PROTECTIVE ORDER |

Before the Court is the parties' Amended Stipulated Protective Order, ECF No. 15. Under Rule 26(c) of the Federal Rules of Civil Procedure, a court, upon motion of a party and upon good cause shown, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Rule permits a court to order that "that the disclosure or discovery may be had only on specified terms and conditions." FRCP 26(c)(2).

PROTECTIVE ORDER * 1

1      There is a strong presumption in favor of access to court records. *In re*

2  *Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th

3  Cir. 2012). Even when parties agree to protective measures for discovery materials,

4  courts generally favor allowing access to such materials by individuals involved in

5  related litigation, as this promotes judicial economy. *Cordero v. Stemilt AG Servs.*,

6  142 F.4th 1201, 1207 (9th Cir. 2025) (citing *Foltz v. State Farm Mut. Auto. Ins.

7  Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)). The party seeking a protective order has

8  the burden of establishing good cause and must show prejudice "for each particular

9  document it seeks to protect." *Foltz*, 331 F.3d at 1130. "Broad allegations of harm,

10  unsubstantiated by specific examples or articulated reasoning, do not satisfy the

11  Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.

12  1992). The requirement to demonstrate good cause cannot be waived, and remains

13  even where the parties stipulate to the order. *San Jose Mercury News, Inc. v. U.S.

14  Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).

15     The parties seek this protective order under Rule 26(c) to protect the

16  disclosure of Plaintiff's medical records and bills, bank account, financial

17  information, and tax records, Defendant's personnel files of departed Executive

18  Directors, and the home addresses, phone numbers, and contact information for

19  membership lists. The Court finds that the parties have demonstrated good cause to

20  grant the order with regards to Plaintiff's medical records and bills, bank account,

PROTECTIVE ORDER * 2

1   financial information, and tax records and Defendant's personnel files of departed
2   Executive Directors. The parties have shown that Plaintiff, Defendant, and the
3   departed Executive Directors all have significant privacy interests in this
4   information, and that harm would result from disclosure which outweighs the
5   public's interest in disclosure.
6       However, the Court finds the parties have not demonstrated good cause to
7   seal the home addresses, phone numbers, and contact information for membership
8   lists. In support of their request, the parties cite to two cases – *Yellowcake, Inc. v.*
9   *Dashgo, Inc.*, 2022 WL 3226824 at *10 (E.D. Cal. July 21, 2022) and *Snedigar v.*
10  *Hoddersen*, c, 159, 786 P.2d 781 (1990) – without analysis. *Yellowcake* concerned
11  a discovery request for a list of customers which a district court found was a
12  protectable trade secret. 2022 WL 3226824 at *10. *Snedigar* concerned the proper
13  standard for asserting a First Amendment right to association objection to
14  discovery, specifically in the context of a discovery request for a socialist party's
15  meeting minutes. 114 Wn.2d at 163-64.
16      Here, the parties do not explain why the membership lists are a protectable
17  trade secret, or make any showing that anyone's First Amendment rights will be
18  harmed by its disclosure. As such, the Court does not presently find good cause to
19  grant a protective order with regards to this information.
20

PROTECTIVE ORDER * 3

Still, the Court recognizes there may be circumstances which would constitute good cause for a protective order to apply to the information. For example, it may be the case that the contact information contained in the membership lists was collected with the expectation that it would remain private. The parties may file another motion for a protective order making a specific showing of such circumstances, and how prejudice would result from disclosure of the membership lists. Alternatively, the parties remain free to contract between themselves regarding disclosure of the membership lists and pursue appropriate remedies in the event of a breach.

**ACCORDINGLY, IT IS ORDERED:**

1. The parties' Amended Stipulated Protective Order, **ECF No. 15**, is **GRANTED in part and DENIED in part**.

2. The Court enters the following protective order:

### PROTECTIVE ORDER

1. <u>PURPOSES AND LIMITATIONS</u>. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends

PROTECTIVE ORDER * 4

only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. <u>"CONFIDENTIAL" MATERIAL</u>. "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

- Plaintiff's medical records and bills, bank account, financial information, and tax records would be subject to a protective order because these records can cause annoyance and embarrassment on Plaintiff that creates good cause for their protection. Fed. R. Civ. P. 26(c). Exposing Plaintiffs medical records and bills, bank account, financial information, and tax records could result in specific harm to Plaintiff if these records are not subject to the protective order. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1186 (9th Cir. 2006).

- Defendant's personnel files of departed Executive Directors employed before plaintiff. *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 428 (9th Cir. 2011) (personnel files of retired employees not accused of wrongdoing are properly the subject of a protective order).

PROTECTIVE ORDER * 5

3. <u>SCOPE</u>. The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>.

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed

PROTECTIVE ORDER * 7

deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. The burden shall be on the party who seeks to maintain confidentiality of confidential material to seek the permission of the court to file material under seal. The party seeking to maintain the confidentiality of any information bears the burden of demonstrating

PROTECTIVE ORDER * 8

good cause and must obtain the court's permission before filing such material under seal.

5. <u>DESIGNATING PROTECTED MATERIAL</u>.

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the

PROTECTIVE ORDER * 9

1   designating party must promptly notify all other parties that it is

2   withdrawing the mistaken designation.

3   5.2 Manner and Timing of Designations. Except as otherwise provided in

4   this agreement (see, e.g., second paragraph of section 5.2(a) below), or

5   as otherwise stipulated or ordered, disclosure or discovery material that

6   qualifies for protection under this agreement must be clearly so

7   designated before or when the material is disclosed or produced.

8   (a) Information in documentary form: (e.g., paper or electronic

9   documents and deposition exhibits, but excluding transcripts of

10   depositions or other pretrial or trial proceedings), the designating

11   party must affix the word "CONFIDENTIAL" to each page that

12   contains confidential material. If only a portion or portions of the

13   material on a page qualifies for protection, the producing party also

14   must clearly identify the protected portion(s) (e.g., by making

15   appropriate markings in the margins)

16   (b) Testimony given in deposition or in other pretrial proceedings: the

17   parties and any participating non-parties must identify on the record,

18   during the deposition or other pretrial proceeding, all protected

19   testimony, without prejudice to their right to so designate other

20   testimony after reviewing the transcript. Any party or non-party may,

PROTECTIVE ORDER * 10

        within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

    (c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>.

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a

PROTECTIVE ORDER * 11

designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All

PROTECTIVE ORDER * 12

parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

  (a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

  (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

  (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>. If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons

PROTECTIVE ORDER * 13

to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>. Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

   Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work

PROTECTIVE ORDER * 14

product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

DATED January 13, 2026.

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER * 15

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on _____ in the case of *Eunice Youmans v. Chelan-Douglas Land Trust., et al.*, Cause No. 2:25-cv-00290-RLP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

**EXHIBIT A TO AMENDED STIPULATED PROTECTIVE ORDER**
(Case No. 2:25-cv-00290-RLP) - 1

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**EXHIBIT A TO AMENDED STIPULATED PROTECTIVE ORDER**
(Case No. 2:25-cv-00290-RLP) - 1

**AKW LAW**, P.C.
10202 5th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529